UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-01278-AGF |
| ) | |
| CHICAGO BANCORP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Chicago Bancorp. Inc.'s motion for modification of the parties March 18, 2015 proposed protective order. Prior to Chicago Bancorp filing its motion for modification, counsel for all parties had conferred and agreed on the language of the proposed protective order. Chicago Bancorp now requests a change to Paragraph 4 of the proposed protective order, relating to limits on the use of confidential information.

Paragraph 4 limits the use of confidential information to this litigation and to claims by Chicago Bancorp "against a borrower to enforce a transaction that is a subject of the captioned action (including for service of process to do so)[.]" (Doc. No. 66-1 at 3.) Chicago Bancorp asks the Court to replace the words "a borrower to enforce a transaction that is a subject of the captioned action" with the words "any person or entity other than a party to this lawsuit who or which may be liable to Chicago Bancorp in connection with any loan." (Doc. No. 67 at 2.) Chicago Bancorp contends that, occasionally, persons other than borrowers may be liable to it in connection with a loan,

and it should be free to use evidence obtained in discovery to pursue a claim against any such person. For example, Chicago Bancorp argues that "if a borrower lied about his income, someone in cahoots with the borrower at the borrower's place of employment may have confirmed the bogus income, and therefore be liable to Chicago Bancorp for fraud." *Id.* at 1. Plaintiff CitiMortgage, Inc. ("CMI") filed an opposition to Chicago Bancorp's motion for a modification, but no other party has opposed Chicago Bancorp's motion.

While CMI objects to Chicago Bancorp's proposed modification, CMI fails to provide the Court with any reason why Chicago Bancorp's motion should be denied. The only basis for CMI's opposition is that it "believes the previously agreed protective order is the protective order the Court should enter." (Doc. No. 69 at 1.)

Because no party has offered any reason for denying Chicago Bancorp's motion, or asserted that any harm or prejudice would result from the proposed modification, the Court believes it fair and appropriate to allow Chicago Bancorp to modify the proposed protective order as requested. However, the Court finds Chicago Bancorp's reference to "any loan" to be overbroad in that it could implicate loans outside the subject matter of this litigation. Therefore, the Court will not adopt the "any loan" language and will grant Chicago Bancorp's proposed modification only to the extent that it allows Chicago Bancorp to use confidential information "against any person or entity other than a party to this lawsuit who or which may be liable to Chicago Bancorp in connection with a transaction that is a subject of the captioned action (including for service of process to do so) . . . ."

# **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chicago Bancorp. Inc.'s motion for modification of proposed protective order is **GRANTED in part** at set forth above. (Doc. No. 67.) The Court shall issue the protective order by separate document.

**IT IS FURTHER ORDERED** that the parties' original motion for entry of an agreed protective order is **DENIED as moot**. (Doc. No. 66.)


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2015.