UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CITIMORTGAGE, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:14CV01278 AGF |
| CHICAGO BANCORP, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 79) of Plaintiff CitiMortgage, Inc. ("CMI") to compel discovery from Defendants Federal Savings Bank ("FSB"), National Bancorp Holdings, Inc. ("NBH"), Stephen Calk, and John Calk (collectively, the "FSB Defendants"). For the following reasons, the motion to compel shall be granted.

## BACKGROUND

In this lawsuit, CMI asserts a breach of contract claim against Defendant Chicago Bancorp, Inc.[1] and several vicarious liability claims against the FSB Defendants. The lawsuit arises out of a contract between CMI and Chicago Bancorp, under which CMI purchased residential mortgage loans from Chicago Bancorp and required Chicago Bancorp to repurchase any loans that CMI determined were improper. CMI claims that Chicago Bancorp breached this contract by refusing to purchase certain loans.

---

[1] The instant motion to compel does not involve Chicago Bancorp.

CMI seeks to hold the FSB Defendants vicariously liable for Chicago Bancorp's breach. In its claims against the FSB Defendants, CMI asserts that Defendants Stephen and John Calk, brothers and owners of Chicago Bancorp, unlawfully stripped Chicago Bancorp of its assets and transferred the assets to their other companies, NBH and its subsidiary, FSB, for the purpose of avoiding any judgment awarded to CMI. Thus, CMI asserts fraudulent transfer, alter ego, and successor liability claims against the FSB Defendants.

In connection with these claims, CMI served the FSB Defendants with interrogatories and documents requests seeking information about the transfer of assets and business operations between Chicago Bancorp and FSB or NBH. Specifically, CMI served interrogatories seeking identification of the owners and directors of FSB and NBH; information about Chicago Bancorp employees and loan agents who also worked at, or later moved to, FSB; information about a Chicago Bancorp shareholder distribution and whether any funds were transferred directly or indirectly to FSB or NBH; information about any Chicago Bancorp loan, line of credit, or other liability that was assumed by or transferred to FSB or NBH; and identification of any Chicago Bancorp offices that became FSB offices. CMI also served document requests seeking FSB's and NBH's interim and audited financial statements and other financial records dating back to 2009; documents related to the movement of assets, personnel, or business operations from Chicago Bancorp to the FSB Defendants or their affiliated entities; documents about the transfer of Chicago Bancorp's assets generally; documents relating to the ownership of FSB; and the FSB Defendants' tax returns from 2011 to present.

The FSB Defendants' primary objection to this discovery is based on their understanding of a prior ruling by the Court. Because the Court's prior ruling is central the parties' discovery dispute, the Court will recount that ruling briefly.

Chicago Bancorp and the FSB Defendants previously sought judgment on the pleadings with respect to CMI's claims in this lawsuit, arguing that the claims were precluded by virtue of a prior lawsuit CMI brought against them. The Court denied the motion for judgment on the pleadings upon finding that, although both lawsuits involved the same umbrella contract between CMI and Chicago Bancorp, they involved different "claims" because they were based on different loans. In its Order denying judgment on the pleadings, the Court noted that CMI had asserted similar fraudulent transfer, alter ego, and successor liability claims against the FSB Defendants in both lawsuits. However, the Court found that CMI's claims against the FSB Defendants were secondary to, and inseparable from, its primary claims against Chicago Bancorp. Therefore, because CMI's contract claims against Chicago Bancorp in the two lawsuits were factually distinct, the Court found that its vicarious liability claims against the FSB Defendants were distinct as well.

The FSB Defendants now assert that by tying CMI's claims against the FSB Defendants to its claims against Chicago Bancorp, CMI and the Court effectively limited the scope of discovery. Thus, in their objections to CMI's discovery requests, the FSB Defendants take the position that the only relevant discovery requests are requests related directly to the underlying loans at issue in CMI's contract claims against Chicago Bancorp. For example, the FSB Defendants object to CMI's discovery requests for

financial records because the requests are not limited to the time period in which the underlying loans were issued. The FSB Defendants likewise object to requests regarding the transfer of employees between Chicago Bancorp and FSB because the requests are not limited to employees who worked on the underlying loans.

In its motion to compel, CMI argues that the FSB Defendants' relevance objections are without merit. CMI asserts that its vicarious liability claims against the FSB Defendants are only tied to its contract claims against Chicago Bancorp in the sense that, as in all vicarious liability claims, recovery against the FSB Defendants is limited to the extent of Chicago Bancorp's primary liability. However, CMI contends that the basis for the FSB Defendants' liability is not tied to any particular loan. Instead, it is tied to the FSB Defendants' conduct with respect to Chicago Bancorp generally and on an ongoing basis—namely, the alleged stripping of assets of Chicago Bancorp and the transferring of those assets to FSB or NBH in order to continue Chicago Bancorp's business operations while avoiding judgment to CMI. Thus, CMI argues that its requests for discovery from the FSB Defendants need not be related to any particular loan, as long as they are reasonably calculated to lead to discoverable information regarding the FSB Defendants' alleged transfer of assets and business operations away from Chicago Bancorp.

In response to the motion to compel, the FSB Defendants argue that CMI "cannot insist that it be allowed to conduct discovery in this case that is wholly unrelated to the very loans that it claimed defined and separated this case from its earlier lawsuit against the same defendants." (Doc. No. 84 at 2.) The FSB Defendants argue that CMI's

discovery should be "limited to requests that have a link to the loans at issue" in CMI's contract claims, and that because CMI's discovery requests are not so limited, its motion to compel should be denied. *Id.* at 9. The FSB Defendants also argue that the motion to compel should be denied because CMI failed to satisfy its meet-and-confer obligations under Local Rule 37-3.04. The FSB Defendants contend that since the motion's filing, they have since produced some, but not all, of the discovery requested.

In reply, CMI argues that it complied with Local Rule 37-3.04 by engaging in good faith efforts, in writing and by telephone, to resolve this dispute before filing the motion to compel. CMI attaches some of the parties' written communications to its briefs in support of the motion to compel. CMI's reply brief also attaches a report of its designated expert witness, which discusses certain categories of documents the expert would like to review in order to complete her analysis regarding the transfer of operations and assets among Chicago Bancorp and the FSB Defendants. These documents include some of the documents requested in the motion to compel. The FSB Defendants filed a sur-response to the motion to compel, responding to certain contentions in CMI's expert report.[2]

## **DISCUSSION**

As an initial matter, upon review of the parties' briefs and exhibits thereto, the Court finds that CMI's motion to compel was filed in accordance with Local Rule 37-

---

[2] After receiving the sur-response, CMI filed a motion for oral argument, to address new matters raised in the sur-response. The FSB Defendants have not requested oral argument, and because nothing in the sur-response impacts the Court's ruling on this motion, the Court does not believe that oral argument is necessary. Therefore, the Court will deny CMI's request for oral argument.

3.04. Regarding the FSB Defendants' objections as to relevance, the Court notes that "[i]n a discovery context, relevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hemminghaus v. Missouri*, No. 4:11CV736 CDP, 2012 WL 2154522, at *4 (E.D. Mo. June 13, 2012) (citation omitted). A party may generally obtain discovery regarding any non-privileged matter relevant to a party's claim. Fed. R. Civ. P. 26(b)(1). However, Rule 26(b)(2)(C) requires the court to limit discovery to the extent "(i) the discovery sought is unreasonably cumulative or duplicative . . . ; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expenses of the proposed discovery outweighs its likely benefit[.]" Fed. R. Civ. P. 26(b)(2)(C).

The Court finds that each of the discovery requests seeks relevant information, and is neither unduly burdensome nor duplicative. The FSB Defendants' objections to the discovery are based on a misunderstanding of the Court's prior ruling. As CMI correctly asserts, the Court ruled that CMI's claims against the FSB Defendants were inherently tied to its claims against Chicago Bancorp in the sense that the FSB Defendants' liability is secondary to Chicago Bancorp's liability. In other words, *recovery* against the FSB Defendants is dependent upon the outcome of CMI's contract claim against Chicago Bancorp. But the basis for CMI's claims against the FSB Defendants is distinct from, and not dependent on, the basis for its contract claims against Chicago Bancorp. The factual underpinning for CMI's claims against the FSB Defendants is not tied to any particular loan but is instead tied to the FSB Defendants' alleged actions in transferring

business operations and assets away from Chicago Bancorp. The Court finds that the discovery requests are relevant to these claims and are not overbroad. Therefore, the Court will grant the motion to compel. However, in light of the FSB Defendants' assertions that they have already produced some of the requested discovery, the Court's ruling will apply only to discovery not already produced.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED**. (Doc. No. 79.) To the extent it has not already been produced, Defendants Federal Savings Bank, National Bancorp Holdings, Inc., Stephen Calk, and John Calk shall produce the requested discovery no later than **fourteen (14) days** from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for oral argument is **DENIED**. (Doc. No. 92.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2015.