UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV01278 AGF |
| | ) | |
| CHICAGO BANCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 109) of Defendants The Federal Savings Bank ("FSB"), National Bancorp Holdings, Inc. ("NBH"), Stephen Calk, and John Calk (collectively, the "FSB Defendants") to compel discovery from Plaintiff CitiMortgage, Inc. ("CMI"). For the following reasons, the motion to compel shall be granted in part and denied in part.

# BACKGROUND

In this lawsuit, CMI asserts a breach of contract claim against Defendant Chicago Bancorp, Inc and several vicarious liability claims against the FSB Defendants. The lawsuit arises out of a contract between CMI and Chicago Bancorp, under which CMI purchased residential mortgage loans from Chicago Bancorp and required Chicago Bancorp to repurchase any loans that CMI determined were improper. CMI claims that Chicago Bancorp breached this contract by refusing to purchase certain loans.

CMI seeks to hold the FSB Defendants vicariously liable for Chicago Bancorp's breach. In its claims against the FSB Defendants, CMI asserts that Defendants Stephen and John Calk, brothers and owners of Chicago Bancorp, unlawfully stripped Chicago Bancorp of its assets and transferred the assets to their other companies, NBH and its subsidiary, FSB, for the purpose of avoiding any judgment awarded to CMI. Thus, CMI asserts fraudulent transfer, alter ego, and successor liability claims against the FSB Defendants.

In connection with these claims, the FSB Defendants have asserted numerous defenses, including equitable defenses of unclean hands and laches. The FSB Defendants assert that CMI's claims against them, and the corresponding defenses, are governed by Illinois law.

The FSB Defendants have filed a motion to compel seeking documents and interrogatory responses related to CMI's loan programs, which the FSB Defendants assert support their equitable defenses. The parties dispute the scope of the equitable defenses and, likewise, the scope of discovery relevant to these defenses. CMI asserts that the defenses must be limited to the transactions at issue in this case—namely, either the loans and repurchase decisions at issue in CMI's breach of contract claim against Chicago Bancorp or the transfer of assets at issue in CMI's veil-piercing claims against the FSB Defendants.

The FSB Defendants' theory of their equitable defenses is much broader. The FSB Defendants argue that because CMI may use its veil-piercing allegations to bring future claims and lawsuits against the FSB Defendants, the FSB Defendants may defend

against CMI's claims by asserting that CMI had unclean hands and acted otherwise inequitably not just with respect to the transactions at issue in this case but with respect to CMI's loan programs as a whole.  Thus, the FSB Defendants assert that they are entitled to discovery regarding CMI's conduct in the residential home mortgage market generally.

In addition to this discovery, the FSB Defendants move to compel discovery that is more closely related to the loans at issue in this case.  The FSB Defendants served two interrogatories (Interrogatories 16 and 17) asking CMI to state, for each loan set forth in CMI's complaint, the date on which CMI first learned that the loan was defective and the date on which the secondary purchaser to whom CMI sold the loan demanded repurchase. The FSB Defendants assert that this discovery is relevant to their laches defense because it will show that CMI unreasonably delayed bringing suit.

CMI objected to this discovery, too, as irrelevant.  Notwithstanding its objection, CMI stated that it would produce documents from which the FSB Defendants could determine the requested information.  Specifically, CMI states that it is producing, or has produced, loan files as they are kept in the ordinary course of business.  The FSB Defendants assert that these loan files consist of 28,000 pages of documents, from which the relevant dates cannot be easily ascertained.   The FSB Defendants assert CMI should be compelled to provide complete responses Interrogatories 16 and 17.

Finally, the FSB Defendants also assert that CMI failed to verify its interrogatory responses and, instead, only CMI's counsel signed the interrogatories.   The FSB Defendants assert that CMI's failure to comply with verification requirements under the Federal Rules of Civil Procedure should result in CMI's objections being waived.  CMI

responds that the interrogatories do not require verification because its answers were based on analysis by counsel and did not require factual investigation or input from employees of CMI.

## **DISCUSSION**

As an initial matter, the Court concludes that the FSB Defendants' equitable defenses, such as unclean hands, are limited to the transactions that are the subject matter of this litigation. *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1064 (N.D. Ill. 2013) ("Under Illinois law, the doctrine of unclean hands prevents a party from obtaining equitable relief if that party has itself has engaged in misconduct in connection with the subject matter of the litigation."). "General impropriety and misconduct that is not directed at the other party or that is tangential to the transaction at issue is insufficient to give rise to a defense under the doctrine of unclean hands." *Id. aff'd*, 791 F.3d 729 (7th Cir. 2015).

Upon review of the discovery requests at issue in the FSB Defendants' motion to compel, the Court concludes that the majority seek information far beyond the scope of the transactions that are the subject matter of this litigation. The requests seek information concerning CMI's handling of any and all loans purchased from any party under any loan correspondent agreement, information concerning all of CMI's stated income and stated asset mortgage products, and information concerning CMI's settlements with government and quasi-government agencies related to the sale of any financial product involving mortgages. The requests do not limit the requests to information concerning the transactions at issue in this case.

As CMI correctly notes, several judges within this District have denied motions to compel similar discovery requests, in cases involving loan repurchase claims nearly identical to this one, because such requests were beyond the scope of discovery. *See, e.g., CitiMortgage, Inc. v. Allied Mortg. Grp., Inc.*, No. 4:10CV01863 JAR, 2012 WL 1554908, at *4-5 (E.D. Mo. May 1, 2012); *CitiMortgage, Inc. v. First Calif. Mortg. Co.*, No. 4:10CV01498 RWS, Doc. No. 70 (E.D. Mo. Nov. 29, 2011); *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 4:09 CV 1909 DDN, 2011 WL 1626584, at *4 (E.D. Mo. Apr. 28, 2011). The FSB Defendants attempt to distinguish these cases by arguing that the discovery sought in these cases was directed to defenses against contractual repurchase claims only (i.e., defenses similar to the ones that Chicago Bancorp may assert in this case), and not veil-piercing claims like the ones asserted against the FSB Defendants here. It is true that the subject matter of this litigation extends beyond CMI's traditional loan repurchase claims. As a result, available defenses may relate not only to the loans and repurchase decisions at issue in CMI's contract claims, but also to the alleged stripping of assets at issue in CMI's veil-piercing claims. But the FSB Defendants do not allege that the disputed discovery requests relate to either subject. The requests should be limited to information regarding how CMI conducted itself with respect either to the loans at issue in this case or to the purported stripping of assets at issue in this case. Because the FSB Defendants' requests are, for the most part, not so confined, the motion to compel will be largely denied.

However, the Court will grant the motion to compel in two respects. First, the Court concludes that CMI's interrogatory responses must be verified. Under Federal

Rule of Civil Procedure 33, "interrogatories must be answered . . . by the party to whom they are directed."  Fed. R. Civ. P. 33(b)(1)(A).  Further, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).   Finally, Rule 33(b)(5) requires that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."  Fed. R. Civ. P. 33(b)(5).

Notwithstanding its extensive objections, CMI answered the interrogatories in part.  The interrogatories were directed to CMI, not counsel, and although counsel may assert objections, CMI must answer the interrogatories, under oath, to the extent that counsel has not objected.  CMI offers no authority for the proposition that Rule 33's verification requirements can be thwarted simply by having counsel analyze and answer interrogatories.  Rather, courts have enforced Rule 33's verification requirements strictly. *See Johnson v. Derhaag Motor Sports, Inc*., No. 13-CV-2311 SRN/FLN, 2014 WL 5817004, at *8 (D. Minn. Nov. 10, 2014) (ordering that a responding party must amend his answers to interrogatories to comply with the signature and verification requirements of Rules 33(b)(3) and (5)); *Impact, LLC v. United Rentals, Inc*., No. 4:08CV00430 JLH, 2009 WL 413713, at *14 (E.D. Ark. Feb. 18, 2009) (holding same, where interrogatories were signed only by an attorney and not under oath).  Although the Court does not find that CMI's failure to verify its interrogatory responses renders its objections waived, the Court does find that CMI must amend its interrogatory responses so that they comply with Rules 33(b)(3) and (5).

Second, CMI must supplement its responses to Interrogatories 16 and 17. These interrogatories are appropriately tailored to the subject matter of this litigation and simply ask when CMI first learned of the defects in the loans at issue in this case. Federal Rule of Civil Procedure 33(d) allows parties to respond to interrogatories by producing business records "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). However, in doing so, the party must specify the records in sufficient detail to enable the interrogating party to locate and identify the necessary information. *Id.*

"[T]he option afforded by Rule 33(d) is not a procedural device for avoiding the duty to give information." *Handi-Craft Co. v. Action Trading, S.A.*, No. 4:02 CV 1731 LMB, 2004 WL 6043510, at *5 (E.D. Mo. May 21, 2004). "Further, the responding party may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them." *Id.* "Rather, the responding party has a duty to specify by category and location the records from which he knows the answers to the interrogatories can be found." *Id.* It does not appear that CMI has complied with Rule 33(d) in responding to Interrogatories 16 and 17, and CMI must therefore supplement these responses.

## **CONCLUSION**

For the reasons set forth above, the FSB Defendants' motion to compel will be granted in part and denied in part. The Court notes that this is the third of four discovery motions that have been filed by the parties in this case. Requiring the Court to rule on the pending motions has ultimately afforded the parties less time within which to complete

the bulk of the discovery the motions have sought. Discovery closes in two months. The Court strongly urges the parties to use that time to work in good faith to focus discovery on the issues necessary to resolve this litigation, rather than expending any additional resources on motion practice.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to compel filed by Defendants The Federal Savings Bank, National Bancorp Holdings, Inc., Stephen Calk, and John Calk is **GRANTED in part and DENIED in part**, as set forth above. (Doc. No. 109.) No later than **fourteen (14) days** from the date of this Order, Plaintiff CitiMortgage, Inc. shall amend its interrogatory responses so that they comply with Federal Rules of Civil Procedure 33(b)(3) and (5), and shall supplement its responses to Interrogatories 16 and 17 to comply with Federal Rule of Civil Procedure 33(d).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2015.