UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:14CV01278 AGF |
| CHICAGO BANCORP, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 114) of Defendant Chicago Bancorp, Inc. ("Chicago Bancorp") to compel discovery from Plaintiff CitiMortgage, Inc. ("CMI"). For the following reasons, the motion to compel shall be denied.

## BACKGROUND

The lawsuit arises out of a contract between CMI and Chicago Bancorp, under which CMI purchased residential mortgage loans from Chicago Bancorp and required Chicago Bancorp to repurchase any loans that CMI determined were improper. CMI claims that Chicago Bancorp breached this contract by refusing to repurchase certain loans.

CMI seeks to require Chicago Bancorp to repurchase 47 home mortgage loans. The parties' contract allows CMI to require Chicago Bancorp to repurchase any loan that CMI, in its sole discretion, determines was "underwritten and/or originated based on any

materially inaccurate information or material misrepresentation made by the Loan borrower(s)." (Doc. No. 112 at 34.) CMI claims that Chicago Bancorp must repurchase a number of loans because the borrowers misstated his or her income. But Chicago Bancorp contends that these loans were originated pursuant to one of CMI's stated income loan programs, under which Chicago Bancorp was not required to verify borrower income.

In connection with these claims, Chicago Bancorp has filed a motion to compel seeking documents and interrogatory responses regarding CMI's development of its stated income loan programs.[1] Specifically, Chicago Bancorp seeks discovery regarding a study purportedly conducted by CMI that investigated the relationship between borrower income and loan performance, and that resulted in the proposal to implement CMI's stated income loan programs. Chicago Bancorp also asks that CMI produce the proposal for the stated income loan programs and any document approving that proposal.

CMI has objected to this discovery as irrelevant to the claims in this litigation. CMI points to several cases in this District, involving nearly identical loan repurchase claims brought by CMI, in which motions to compel similar discovery were denied.

CMI further contends that the discovery is irrelevant because borrowers' income misrepresentations are material as a matter of law, and because Chicago Bancorp is precluded from asserting otherwise. CMI asserts that in a prior lawsuit between the

---

[1] In its motion, Chicago Bancorp also contended that CMI had failed to timely produce documents in response to other discovery requests to which CMI had not objected. However, in an amended reply filed on October 10, 2015, Chicago Bancorp stated that this argument is now moot, as CMI has completed its production of unobjectionable documents.

parties over the same contract, Chief Judge Catherine D. Perry found that "a borrower's substantially misrepresented income constitutes a material misrepresentation as a matter of law." (Doc. No. 123 at 5.)[2]

**DISCUSSION**

Chicago Bancorp, as the moving party, bears the burden of showing that the requested documents are discoverable within the meaning of Federal Rule of Civil Procedure 26. *Cent. States, Se. & Sw. Areas Pension Fund v. King Dodge, Inc.*, No. 4:11MC00233 AGF, 2011 WL 2784118, at *2 (E.D. Mo. July 15, 2011). "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, No. 4:09CV234-DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010).

Chicago Bancorp asserts that the disputed discovery is relevant to CMI's breach of contract claim. Under Missouri law, where a contract gives one party discretion to determine issues arising under the contract, that party is required to exercise its discretion in good faith, consistent with the covenant of good faith and fair dealing implied in every contract. *CitiMortgage, Inc. v. Chicago Bancorp,* Case No. 4:12-cv-246 CDP, Doc. No. 203 at 8 (E.D. Mo. March 31, 2014) (vacated in part on other grounds). The duty of good

---

[2] Although CMI contends that Judge Perry's decision in the prior litigation precludes the issue of materiality from being re-litigated in this case, CMI previously argued (successfully) to the Court that Judge Perry's decision did *not* warrant a finding of claim preclusion in this case.

faith encompasses "an obligation imposed by law to prevent opportunistic behavior." *Id.* at 9 (citing *Schell v. Lifemark Hosps. of Mo.*, 92 S.W.3d 222, 230 (Mo. Ct. App. 2002)).

However, it is not enough to show that a party invested with discretion made an erroneous decision. *Id.* (citing *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 914 (8th Cir. 2007) (interpreting Missouri law)). To establish a breach of the covenant of good faith and fair dealing, evidence must show that a party "exercised its discretion in such a way so as to evade the spirit of the transaction or deny the other party the expected benefit of the contract." *Id*.

Thus, under Missouri law, Chicago Bancorp's burden is to establish that CMI "exercised a judgment ***conferred by the express terms of the agreement*** in such a manner as to evade the spirit of the transaction or so as to deny [Chicago Bancorp] the expected benefit of the contract." *CitiMortgage, Inc. v. First Calif. Mortg. Co.*, No. 4:10CV01498 RWS, Doc. No. 70 at 3-4 (E.D. Mo. Nov. 29, 2011).

In light of this burden, several judges within this District have held that the scope of discovery with respect to nearly identical CMI loan repurchase claims must be limited to the loans at issue and how CMI exercised its right under the contract to demand repurchase of those loans. *Id.* And in these cases, motions to compel discovery regarding the development and implementation of CMI's stated income loan program have been consistently denied as beyond the scope of discovery. *See, e.g., Allied Mortg. Grp., Inc.*, No. 4:10CV01863 JAR, 2012 WL 1554908, at *4-5 (finding that discovery regarding the drafting and development of stated income loan program guidelines was

irrelevant in a similar breach of contract case); *First Clif. Mortg. Co.*, No. 4:10CV01498 RWS, Doc. No. 70 at 3-4 (same).

After review of the disputed discovery requests and for the reasons discussed in the cases above, the Court concludes that requests seek information that is beyond the scope of discovery.[3] Therefore, the Court will deny Chicago Bancorp's motion to compel.

## **CONCLUSION**

For the reasons set forth above, the Court will deny Chicago Bancorp's motion to compel. As it has stated previously, the Court also strongly urges the parties to use the remaining time for discovery to focus on the issues necessary to resolve this litigation, rather than expending any additional resources on motion practice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chicago Bancorp, Inc.'s motion to compel is **DENIED**. (Doc. No. 114.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2015.

---

[3] In light of this conclusion, the Court need not and does not reach CMI's additional argument that misstatements of borrower income are material misrepresentations as a matter of law. That issue has not yet been decided in this case, and should not be decided in the context of a motion to compel.