UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV01278 AGF |
| | ) | |
| CHICAGO BANCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 161) of Plaintiff CitiMortgage, Inc. ("CMI") for a protective order barring inquiry by Defendant Chicago Bancorp, Inc. ("Chicago Bancorp") into five of the topics listed in Chicago Bancorp's Rule 30(b)(6) notice of deposition directed to CMI. For the following reasons, the motion for protective order shall be granted.

This lawsuit arises out of a contract between CMI and Chicago Bancorp, under which CMI purchased residential mortgage loans from Chicago Bancorp and required Chicago Bancorp to repurchase any loans that CMI, in its sole discretion, determined were improper. CMI claims that Chicago Bancorp breached this contract by refusing to repurchase certain loans.

Four of the topics at issue in Chicago Bancorp's Rule 30(b)(6) notice seek information related to CMI's development of its stated income loan programs. As this Court has already held, in denying Chicago Bancorp's motion to compel similar written

discovery, information regarding the development and implementation of CMI's stated income loan program is beyond the scope of permissible discovery in this case. (Doc. No. 139.) Chicago Bancorp does not dispute that inquiry into these topics is foreclosed by the Court's prior Order, but merely states that the Order is contrary to the law.

The remaining topic seeks testimony regarding the magnitude of CMI's losses due to the foreclosure crisis and its efforts to recoup those losses from correspondents such as Chicago Bancorp. Chicago Bancorp asserts that this topic, like the four topics related to the stated income loan program, is relevant to its defense that CMI acted in bad faith in demanding repurchase.

The Court incorporates the reasoning and authority cited in its November 4, 2015 Order (Doc. No. 139) to hold that all five topics are beyond the scope of discovery in this case. Further, the Court notes that a recent Eighth Circuit opinion in a similar case between the same parties confirms that the issues in this case are very narrow and do not warrant the discovery sought by Chicago Bancorp here. *See CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, --- F.3d ---, 2015 WL 9268117, at *4 (8th Cir. Dec. 21, 2015) (holding that Chicago Bancorp's bad faith defense was doomed by precedent because "CMI did not act in bad faith by asserting or enforcing its legal and contractual rights. To inquire further by reviewing the validity of CMI's defectiveness determination would be to contradict unambiguous contract language, something Missouri law does not allow us to do") (citing *Residential Funding Co. v. Terrace Mortg. Co.*, 725 F.3d 910, 918, 920 (8th Cir. 2013)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff CitiMortgage, Inc.'s motion for a protective order is **GRANTED**. (Doc. No 161.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2016.