UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV01278 AGF |
| | ) | |
| CHICAGO BANCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 187) of Plaintiff CitiMortgage, Inc. ("CMI"), to compel testimony regarding a balance sheet purporting to reflect the net worth of Defendant Chicago Bancorp, Inc. ("Chicago Bancorp"), which was first produced in a mediation that occurred in a prior lawsuit by CMI against Chicago Bancorp in this district. When CMI attempted to question Chicago Bancorp's owners, Stephen and John Calk, about the balance sheet during their depositions[1] in this case, defense counsel objected. Defense counsel asserted that the balance sheet was protected by Federal Rule of Evidence 408 and the parties' mediation agreement. CMI now asks the Court to compel Stephen Calk, as a party, and John Calk, as representative of Chicago Bancorp, to appear for a deposition regarding the balance sheet. Because Chicago Bancorp's witness referenced the balance sheet independently of the mediation, in

---

[1] Stephen Calk was deposed as a separate party in this case, and John Calk was deposed as Chicago Bancorp's Rule 30(b)(6) representative. However, John Calk is also a party in this case.

response to relevant discovery about the net worth of Chicago Bancorp, the Court will grant CMI's motion in part.  The Court will order a 30(b)(6) representative of Chicago Bancorp to appear for a deposition to testify with respect to the balance sheet, but will preclude CMI from inquiring about any statements made about the balance sheet during the mediation, or any other statements made or conduct occurring during the mediation.

Without commenting on the probative value of the balance sheet, the Court finds that this information appears to be relevant to issues in this case regarding Chicago Bancorp's proclaimed net worth at a certain point in time, and therefore within the scope of discovery permitted by Federal Rule of Civil Procedure 26.

The question, then, is whether information about the balance sheet is nevertheless protected from discovery because the balance sheet was first produced during mediation. Although it is not clear from the parties' briefs when the balance sheet was created, Chicago Bancorp's opposition brief suggests in passing that Chicago Bancorp prepared the document for the mediation.  As such, it would ordinarily be protected from discovery.  However, Chicago Bancorp's representative, John Calk, subsequently and independently referred to the balance sheet during a Rule 30(b)(6) deposition in the prior litigation, when responding to relevant inquiry about Chicago Bancorp's cash assets as of December 31, 2012.  (Doc. No. 187-1 at 7.)  By identifying the balance sheet in response to relevant discovery, outside the context of the mediation, Chicago Bancorp made the balance sheet independently discoverable.  *See* Fed. R. Evid. 408 advisory committee's note to 1974 ("A party should not be able to immunize from admissibility documents otherwise discoverable merely by offering them in a compromise negotiation.").

Therefore, the Court will permit CMI to inquire about the balance sheet, except as to its use in the mediation. The Court will permit CMI to inquire about topics such as who generated the balance sheet, how it was generated and when, whether it was provided to third parties (other than in the mediation), and how it compares to other documents reflecting Chicago Bancorp's net worth as of December 31, 2012. However, pursuant to Federal Rule of Evidence 408, Local Rule 6.04, and the parties' mediation agreement, the Court will not permit CMI to inquire about any conduct that occurred or statement that was made during the mediation, whether about the balance sheet or any other subject. The Court will also grant Defendants' request to direct the Clerk of Court to place CMI's motion under seal, as it refers to statements made during the mediation.

Given the limited scope of inquiry that will be permitted, neither the parties' attorneys nor the mediator need be made witnesses in the case, as Defendants suggested. Moreover, the Court will not permit CMI to depose both Stephen Calk and John Calk. Rather, the Court will order only a Rule 30(b)(6) representative of Chicago Bancorp with knowledge of the topics set forth above to appear for a deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion to Compel Testimony Regarding February 2013 Mediation in the First Chicago Bancorp Suit is **GRANTED in part**. (Doc. No. 187.) Defendant Chicago Bancorp, Inc. shall produce a Rule 30(b)(6) representative for a deposition on a mutually agreeable date on or before **January 12, 2016** to testify solely with respect to topics unrelated to the mediation, such as: who generated the balance sheet, how it was generated and when, whether it was

provided to third parties (other than in the mediation), and how it compares to other documents reflecting Chicago Bancorp's net worth as of December 31, 2012. Plaintiff will not be permitted to question the deponent about any statement that was made or conduct that occurred during the February 2013 mediation.

**IT IS FURTHER ORDERED** that the Clerk of Court shall place Doc. Nos. 177 and 187, and exhibits thereto, under seal.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2016.