UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV01278 AGF |
| | ) | |
| CHICAGO BANCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 199) of Defendants The Federal Savings Bank ("FSB"), National Bancorp Holdings, Inc. ("NBH"), Stephen Calk, and John Calk (collectively, the "FSB Defendants") to compel Plaintiff CitiMortgage, Inc. ("CMI") to produce a properly prepared witness, pursuant to Federal Rule of Civil Procedure 30(b)(6), to testify regarding five designated topics. In their motion, the FSB Defendants also identify 12 custodians believed to have responsive information regarding these topics. The Court held a hearing on this motion on January 13, 2015.

As discussed in more detail at the hearing, the Court will order Plaintiff to supplement its discovery responses as follows.

Regarding the first designated topic, Plaintiff shall supplement its interrogatory response in the manner discussed at the hearing, to summarize the instances or types of situations in which Plaintiff required a guaranty or escrow requirement from loan correspondents.

Regarding the second and fourth designated topics, Plaintiff shall conduct a reasonable investigation, using the search terms discussed at the hearing, of the records of the 12 custodians identified in Defendants' motion, to the extent they were employed by Plaintiff at the relevant time, for the period of October 1, 2012 to February 11, 2013. Plaintiff shall produce any responsive documents, and to the extent such documents are produced, the parties shall confer regarding a mutually agreeable date by which Plaintiff shall produce a witness to testify about such documents.

Regarding the third designated topic, Plaintiff shall conduct a reasonable investigation, using the search terms discussed at the hearing, of the records of the four custodians identified at the hearing for the period of September 1-30, 2010; and of the 12 custodians identified in Defendants' motion, to the extent they were employed by Plaintiff at the relevant time, for the period of April 1-30, 2011. Plaintiff shall produce any responsive documents.

In light of the marginal relevance of the information sought and the investigation conducted by Plaintiff to date, the Court does not believe that an award of expenses or attorneys' fees is warranted here. The Court finds that the parties share responsibility for the current discovery dispute.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to compel is **GRANTED in part and DENIED in part**. (Doc. No. 199.) In a timely manner and before the close of discovery, Plaintiff shall supplement its discovery responses as set forth above and at the hearing.

**IT IS FURTHER ORDERED** that Defendants' request for expenses and attorneys' fees is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2016.