UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV01278 AGF |
| | ) | |
| CHICAGO BANCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motions (Doc. Nos. 140 & 175) of Defendants The Federal Savings Bank ("FSB"), National Bancorp Holdings, Inc. ("NBH"), Stephen Calk, and John Calk (collectively, the "FSB Defendants") for sanctions against Plaintiff CitiMortgage, Inc. ("CMI") for allegedly failing to comply with the Court's November 4, 2015 discovery Order (the "Order"). For the following reasons, the motions shall be denied.

The Order denied the FSB Defendants' motion to compel discovery from CMI except in two narrow respects. First, in light of the FSB Defendants' complaint that CMI's interrogatory responses were signed only by counsel and were not verified, the Court directed CMI to amend its interrogatory responses so that they complied with Federal Rules of Civil Procedure 33(b)(3) and (5). Second, with respect to two interrogatories—Interrogatories 16 and 17—for which CMI elected to produce business records in lieu of responding but did not specify the records in sufficient detail to enable

the FSB Defendants to locate and identify the necessary information, the Court directed CMI to supplement their responses to comply with Federal Rule of Civil Procedure 33(d). Interrogatories 16 and 17 sought information regarding when CMI first learned of the defects in the loans at issue in this case.

CMI thereafter produced amended interrogatory responses, verified under oath by counsel, whom CMI asserts answered all interrogatories (to the extent to which they were not objected and except Interrogatories 16 and 17) as its agent. With respect to Interrogatories 16 and 17, CMI supplemented its responses with a table directing the FSB Defendants to the specific documents communicating repurchase demands from Fannie Mae or Freddie Mac, to whom CMI resold the loans at issue. CMI asserts that these documents provide an accurate response to Interrogatories 16 and 17 because CMI did not learn of the alleged loan defects until it received the repurchase demands from Fannie and Freddie. The supplemented answers were made by an officer of CMI, and were signed and verified by that officer. The FSB Defendants state that CMI's amended and supplemented responses still do not comply with the Order.

Rule 33(b)(1)(B) provides that if the responding party is a "public or private corporation, a partnership, an association, or a government agency," the interrogatory must be answered by "any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). Thus, CMI could elect its attorney, as its agent, to answer the interrogatories directed to it. *See Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 508 (4th Cir. 1977) (holding that the language of Rule 33(b)(1)(B) "has been uniformly construed to authorize answers by an attorney for the party"); 8B Charles Alan

Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2172 (3d ed. 2010) ("Because the rule authorizes either an officer or agent to answer, it clearly allows answers by an attorney."). However, Rules 33(b)(3) and (5) provide that the person who makes the answers must answer the interrogatories in writing, signed and under oath. Fed. R. Civ. P. 33(b)(3), (5). This is the respect in which the Court found CMI's prior interrogatory responses deficient, because as the Order noted, CMI answered the interrogatories (rather than objecting) to at least a limited extent and yet failed to do so under oath. Now, CMI has amended its interrogatory responses so that they are signed under oath by counsel, whom CMI asserts answered the interrogatories as its agent. The Order required no more.

With respect to Interrogatories 16 and 17, CMI supplemented its responses with the information required by Rule 33(d). Specifically, CMI provided a table specifying the responsive records with sufficient detail to enable the FSB Defendants to locate and identify them. These supplemented answers were made by an officer of CMI, and were signed and verified by that officer. Again, the Order required no more.

Accordingly,

**IT IS HEREBY ORDERED** that the motions for sanctions filed by Defendants The Federal Savings Bank, National Bancorp Holdings, Inc., Stephen Calk, and John Calk are **DENIED**. (Doc. Nos. 140 & 175).

                                                   */s/ Audrey G. Fleissig*
                                                   AUDREY G. FLEISSIG
                                                   UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2016.